May it please the court, Charles Sevilla on behalf of Richard Corona, I'd like to reserve three minutes. I'd like to first direct my argument to the first issue in the briefing having to do with the objected to instruction on good faith. This was a tax case, the law is non-controversial under Cheek and this court's decision in U.S. v. Powell that a objectively erroneous belief in one's duty or non-duty is not the standard. Rather, the government has to prove that the knowing and willful violation of a non-duty if subjectively believed to be appropriate by the defendant, the government must disprove that belief beyond a reasonable doubt. Refresh my recollection. Was there an objection on this ground tended to the instruction? There's no contest about that. There were objections and we're here on the merits of the issue. The issue is this language. We have no disagreement that in the first page of the record of the instructions, the court gave a proper good faith instruction. But what the court gave on that page, it took away on the next page. It's the offending pages at ER1-47 and, of course, in both briefs. And here's the language that's at issue. The language is that neither a disagreement with the requirements of the law nor a belief that the tax laws are unconstitutional, no matter how earnestly held constitutes a good faith misunderstanding or mistake. Is that the language? That's the language you're objecting to? The first clause, which is a disagreement with the requirements of the law. That's right out of cheek. Well, not quite. A disagreement with the law is not a basis for a good faith. Right. A disagreement with the constitutionality is not. Right. But a disagreement, a subjective good faith disagreement with what the law requires is different than a disagreement with the law itself. And that's what the defense was. The defendant testified and provided contemporaneous letters to the IRS saying, I'm an American taxpayer. I will pay my taxes. But I have a fundamental disagreement on what I owe. That's a disagreement with the requirements of the law. I don't think, well, the government will dispute this, but I thought on page 26 of their brief they said, instructions make it abundantly clear that a good faith misunderstanding of the law or erroneous belief as to the law's requirements was a defense. Well, that's exactly what this, to me, in reading what the court instructed, that a disagreement with the requirements of law, even in good faith, is not a defense. The government's position is that an erroneous belief as to the law's requirements is a defense. Well, we're talking about what the law requires. We're not talking about the law. This is no different than the arguments that were made in Cheek and in Powell. Obviously, those were reversed because the court instructed that the defendant's belief had to be objectively reasonable. In this case, the court gave the instruction at issue. But what was at issue substantively with both those cases? Where that was this. Cheek said, I don't think wages, as interpreted by the Internal Revenue Code, are subject to taxation because it's simply a bartering wages for labor, and therefore that's not a taxable gain. That was his position. That also happened to be one of the positions of Mr. Corona. And the Supreme Court, if the Supreme Court felt that a disagreement like that with the requirements of the law was not a defense, they wouldn't have taken the case and reversed it based on the instruction because they would have said, well, that's a disagreement with the law in the sense that Mr. Cheek was saying I'm not a wager and you're subject to taxes. Mr. Corona had the same type of disagreement with the requirements of the law, not the law itself. He didn't. His defense was premised primarily on provisions as to whether the law covered him in certain areas. But he did say in his various letters, if I'm wrong on this, prove me wrong. And then they had debates on who had the burden of proof on that. But the issue isn't whether those positions were correct as a matter of law. They were not. We're not arguing that they're correct as a matter of law. But as Cheek says, it's not contrary to common sense, let alone impossible for a defendant to be ignorant of his duty based on an irrational belief that he has no duty. And if the defendant, since subjectivity is the standard here, if the defendant subjectively does not believe he has a legal duty to pay, based on his interpretation of the requirements of the law, not the law itself, then he is not violating a known legal duty. And the jury should simply have not been told, and here's the rub of this, is simply should not have been told that a disagreement with the requirements of the law is not a defense even if held in good faith. Our position is that that clause took out what was given the previous page about a good faith defense. Kennedy. Is there any difference between the Powell instruction and the instruction in this case? Well, I think the problem in Powell was a Cheek problem, that the judge instructed that the defendant's belief had to be objectively reasonable in order to have a good faith defense. And that's exactly what happened in Cheek where the Supreme Court said that instruction was erroneous because subjective, a subjective belief in that one's not violating the law is the opposite of violating a known legal duty. So the instructions were different in Powell and Cheek because they were saying that the belief had to be objectively reasonable. Here the court just flat out said that a disagreement with the requirements of the law, even in good faith, is not a defense. And our position is that that is different than saying that the law is unconstitutional or that the IRS code is invalidly enacted. That's a disagreement with the law. The question of the debate about what the law requires is, is a defense. That is the defense that was honored, if you will, in Cheek and Powell because those two defendants made similar, well, in this case Mr. Carano made similar claims to what the defendants in those cases made. And even if wrong is a matter of law, they still were content for the jury to consider as to whether he had this voluntary, knowing, willful violation of his known legal duty. Our position is you can't have a violation of a known legal duty if you subjectively believe you have no such duty. And that is what he made perfectly clear in his letters in 1997 to the internal revenue agent at the time who was investigating the case. And based on that, denial of his right to have his, everybody agreed that the good faith defense was the defense in this case. And given its critical nature, this phrase which stated that disagreements in good faith with the requirements of law are not at all. Listening to you, it seems to boil down to the interpretation of the word disagreement. And this is what Cheek itself said. Of course, the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than a simple disagreement with known legal duties imposed by tax laws. I mean, it sounds to me like you're trying to transmogrify disagreement into more than that. You're trying to say it encompasses good faith mistake. But the Supreme Court itself says that disagreement with the law isn't enough. I agree with that. Disagreement with the law and disagreement with the requirements of what that law stated. So you say it's the requirements word then that causes the problem. Absolutely. If the word, if the phrase was disagreements with the law and the code and the constitutionality and other defense, we wouldn't be here arguing this. But the requirements of the law are the essence of what is the, we're having a disagreement with the requirements of the law right now. That doesn't mean that I disagree with Cheek or disagree with the law. But we're having that disagreement. And we have it in good faith. A disagreement, all of these cases about Cheek and Powell were disagreements with the requirements of the law. They may have been irrational, but under criminal jurisprudence in tax cases, there's a specific intent to violate the law, to violate a known legal duty. So that's the problem word is requirements. Gotcha. Yes. If there's no further questions on that issue, I'd like to go to the last issue, which is the statute of limitations on the conspiracy count. In this case, the court gave an erroneous instruction on the requirement for the jury to find only overt acts that were within the statute. At ER1. Is this a plain error or is this an objective too? This, we would argue neither. It's ineffective assistance of counsel because counsel. Have you raised ineffective assistance? Absolutely. It was raised at the trial level. And I would like to address. At the trial level? Yes, it was raised at the motion of new trial, where both of the attorneys who represented the Corona said, if we made a mistake on that, we had no tactic on this specific issue. If we failed to object to that instruction, then it's our fault. We had no tactical basis. We did not waive it. What do you mean if they failed to object? Did they say they failed to object or they didn't? Well, they did fail to object. And they said, we stand ready. We did not have a tactical basis for not raising an objection. We stand ready to answer any questions the Court has of us. And this was raised in the motion of new trial as an ineffective assistance of counsel claimed so that the issue could be addressed on the merits. The government claims this issue should be. Habeas. On habeas. What did the district court do with it? What's that? What did the district court do with it? It denied the motion. Saying what? I don't think it specifically addressed the issue. It's right specifically. Well, he did address the issue. He said, I don't find that there's a problem with the way this instruction went. I don't think the Court found waiver. I would be surprised if he did. I have his. Well, if you're not sure, I don't want to get off your list. I'll just catch it on rebuttal. But I would urge the Court this. In California state proceedings, there's a case called People v. Fossil, which is encouraging motions for new trial where there's an ineffective assistance claim to be done then. When the facts are more recent in the judge's mind and in counsel's mind, counsel are there, it's an opportunity to address the issue rather than waiting and having piecemeal litigation over it. So it makes sound basis for upholding a proceeding. And that's what we did in this case. Rather than jettisoning that issue to a habeas, the issue was raised on a motion for new trial, and it's raised in the briefs as a basis for argument. But it's also a plein air issue. The Fuchs case on the statute of limitations is very similar to this, where the Court found plein air and reversed a conspiracy count where the bulk of the overt acts and evidence were barred by the statute of limitations. So Fuchs is a plein air case, which we think is on all fours with our case. If here they allege overt acts both within the six-year statute of limitation and without it. Yes. So isn't that sufficient? Well, no, because there's no way, as in Fuchs, they did the same thing, and there was no way to tell whether the jury found an overt act within or without. In this case, the bulk of the evidence and the bulk of the overt acts were barred, were time barred. And the Court instructed that the jury only had to find one overt act during the existence of the life of the conspiracy. And that is erroneous because it permitted them to find time-barred overt acts to find the conspiracy. And our argument is that since the bulk of the evidence was... I don't quite understand. If the Court said you need to find at least one within the course of the conspiracy? Within the course of the conspiracy. But the course of the conspiracy was from a date unknown until 2001, and I think it was May 1998 that the overt acts had to be found after that date. There were about nine or ten overt acts prior to that date, meaning they were time-barred. Prior to the course of the conspiracy, right? What's that? You said there were a number of overt acts prior to the course of the conspiracy. No. During the course of the conspiracy, but time-barred as overt acts that the jury could not rely on to convict. Prior to the commencement of the statute of limitations. Correct. The bulk of them were about ten overt acts that were prior to that cutoff period and about, I think it was four afterward. And also the bulk of the evidence was before that date. The bulk of the evidence was Ms. Rose who testified. All of her conduct with Mr. Corona took place in 1997, as well as a number of other things. But do you need an effective assistance of counsel claim to get to your result with respect to that? No. Fuchs is, I think Fuchs is on point. But if it's not, we have an effective assistance alternative to the Court reviewing the issue. Did Fuchs require a sua sponte instruction? I think it did in the sense that it said that if the Court was on notice that there was a statute of limitations issue. And the Court would have been on notice that there's a statute of limitations issue here because they had this cutoff date of May 19. Plus Fuchs was on the law and had been on the books for seven or eight years on identical facts. All right. You have one minute left. You're one of three. So we'll give you your extra. So I'll reserve for that. Thank you very much. Counsel. Good morning. May it please the Court. Jennifer Levin-Eichhorn for the United States. I'll begin by addressing the issues raised in counsel's order. With respect to the jury instruction, the statement, the question and issue is a correct statement of the law. Again, the sentence reads, Neither a disagreement with the requirements of the law, nor a belief that the laws are unconstitutional. Nor what? No matter. Nor a belief that the laws are unconstitutional, no matter how earnestly held, constitutes a defense of good faith misunderstanding or mistake. As this Court has recognized, Cheek is the guiding rule here. It made very clear that there is a distinct difference between what is a disagreement and what is a misunderstanding and when it's a good faith belief based on ignorance or mistake. There's a radical difference between something that's a disagreement versus something that is a misunderstanding. That's true. But their point is, and they made it well in their briefs, that by adding the word requirements, you slosh over into another arena and trespass on the good faith. Our position is that adding the word requirements does nothing to change. Whether or not you want to read it as a disagreement with the law or the next sentence, which is virtually parallel and reads, A disagreement with the internal revenue code is not a defense, which this Court held in Massey is a proper instruction. They're virtually the same. If you were to say a disagreement with what the law requires, I don't think there would be any contention that that is a proper defense. So just to simply say have the two words requirements adds nothing to change the meaning of the Court's instructions. I don't understand why you don't think there's a difference. Now, you may say it's not a difference that you change the result, but, you know, if I disagree with the law, I think it's idiotic to prohibit you from driving more than 35 miles an hour, so I disagree with the law. That's different from saying I don't think it requires me to drive less than 35 miles an hour. As I read it, under these circumstances, it allows me to drive 50 miles an hour. That's totally different. That's correct. And so what we're saying is that the former would have not been a defense. The latter is, because that's a misunderstanding. A disagreement begins with a premise that you fully understand and appreciate what the law requires. And that's what this instruction said. Again, referring to the excerpts of page 46 and 7, it has the entire good faith and willfulness instruction. It begins by saying you do not act willfully if you believe in good faith, that you're acting within the law. It's a very complete instruction that's fully consistent with Cheek. If you were to look at this and match it up with Cheek, you wouldn't see any substantive difference that would warrant a reversal or a new trial here. So then it becomes a jury question as to whether they had a good faith belief that they were non-residents, even though they actually lived in the state of California. That's correct. And a jury's free to credit that or not credit that. That's correct. It's a good faith belief. And there's no assertion that they were unable or could they assert they were unable to present that defense. They fully presented their defense with respect to their beliefs that they were non-resident aliens, the various people and books that they relied on. Mr. Corona and Mrs. Corona discussed how they relied on her parents, how they relied on a theologian, how they relied on American rights litigators for whom, for a small pittance, you can buy various documents to submit to the IRS. I mean, the jury fully considered what they presented as their beliefs. And what I think counsel fails to recognize is that the jury considered it and rejected it. It's not because of the jury instructions. It was because they had the full instruction without raising any questions as to what it meant, because it was very clear, distinguishing disagreement from misunderstanding, and that they reached that conclusion. There was a general objection to this sentence. There was never any proffer of alternative language or what should have been done as a substitute. Again, it was timely, but they never addressed an alternative. And when this Court looks at the instruction as a whole, again, looking at Cheek, if I could read a portion of Cheek, in terms of discussing actual knowledge of the legal duty, carrying this burden requires negating a defense claim with ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief he was not violating any provisions of the law. So, again, there's a very clear distinction between what constitutes a disagreement versus a misunderstanding. Counsel asks, how does this compare to the instruction in Powell? Apart from the portion of Powell, which was the reason it was reversed, was because it dealt with an objective reasonableness when you can have an unreasonable belief. The Court also approved a portion of the instruction where – sorry – where a portion of the instruction reads, a mere disagreement with the law in and of itself does not constitute a good faith misunderstanding. That, again, is consistent with what these instructions as a whole give, and the requirements, I think, adds nothing that gives cause or reason for reversal. You're from the tax division in Washington? Yes. Isn't it part of the function of the tax division to take a case like Cheek and subsequent developments and come up with a model instruction that deals with good faith? I spent the last two weeks reading good faith instructions, including a lot of memos submitted by AUSAs and people like that. They're all over the lot. Cheek was decided in 1991, and here we are in 2000 and whatever we are, in nine, sloshing around with this instruction. I mean, it's rather amazing to me. We've got another case coming up in a few minutes that's mind-boggling in terms of the language that you submitted. As far as I can tell, Devin and Blackmar doesn't even exist anymore. Is that right? It's O'Malley and somebody or other, and you're using instructions out of that, ignoring the Powell case. I mean, do you have a standard instruction that you send out to the field, to AUSAs and other people on this good faith thing? I'm not aware that we do. I know we have general guidance with respect to what the law is in various circuits. I'm not sure that we provide one with respect. That's rather remarkable. You know what happened in the Cheek case, for example? What happened to Mr. Cheek after he won in the Supreme Court? He was remanded to address his good faith beliefs with respect to the legislation. What happened when he got back, when he went back for retrial? He was convicted, and there was an instruction involving good faith. The Seventh Circuit laid out the language. The Supreme Court denied cert. It would seem to me that the Tax Division would take a look at that, at least as a beginning of how you get around the Cheek problem. And in neither this case nor the Evans case, is there any evidence that the Tax Division or anybody else paid any attention? I'll certainly bring it to the attention that there's a request that there be uniform. I wouldn't go so far as to say that we didn't give this any attention, that the effort was made here by the AUSAs and the trial team. Well, I've got all kinds of memos filed all over the country, you know, from the United States Department of Justice, setting forth pretty decent instructions following Cheek. Yet you get the one, especially in Evans, I know I'm jumping ahead, it's just, you know, it's off the wall. It violates Powell. We'll get to that later. But it just, you know, when I was in Washington, one of the things we tried to do was keep people out of trouble by taking a look at what the Supreme Court said and putting out some guidance. I'll certainly bring that message back in. In the absence of any other questions on this issue, I'll move on. With respect to the issue on statute of limitations, our position that, indeed, this is reviewed for plain error. And as we've... What's your position on the ineffective assistance of counsel? That that is not effectively appropriately raised at this point. The district court specifically... When you say appropriately and sufficiently? No, it is not. Neither sufficiently nor appropriately. It's not timely raised. An ineffective assistance of counsel is raised post-trial. I'm sorry. I mean post on habeas and not in a motion for new trial. The assertion that it's appropriately or timely raised is a motion for new trial. Unless it's clear from the record, as the record stands, that we can handle it now and we don't need evidentiary hearings or anything else. I mean, there are cases where we take a look at it and say, we don't need a habeas here, it's on the face of it. That's true. Is it true that counsel here said, I had no tactical reason for not making an objection, I just made a mistake and just didn't make the objection? So for that effect. And the court considered it on the merits. I mean, both identified that, first of all, that statute of limitation claims are often deemed waived by this Court in the United States v. Lowe and in other cases that we've studied. Isn't there an affirmative defense in there? Did they make it an affirmative defense? They did not. And we recognize that in Carlson, this Court considered it for plain error when it basically was raised in the context of the jury instructions. Whether you want to review for ineffective assistance or you review under plain error, in either case, there's ample evidence to support the convictions here. It's simply mere speculation that because that there were acts alleged both within and outside the limitations period that the jury may have relied on other. That is not sufficient to establish plain error. This Court is basic. This Court in Carlson and the Supreme Court in Johnson recognizes that you don't reverse on plain error when there's ample evidence to support the conviction. There's no challenge here to the evidence with respect to the four overt acts alleged in the indictment and additional evidence showing that they engaged in a conspiracy during the time period. In Carlson, there was ample evidence both before and after the limitations period that the defendant had moved income from a known bank account to two accounts that were hidden, and that constitutes evidence of evasion. What's different from Fuchs is while there is evidence both before and after, in Fuchs this Court found that there was a likelihood that if an appropriate or specific instruction was given, they would not have convicted because there wasn't overwhelming evidence. There wasn't strong evidence. The bulk of the evidence that would have supported conviction happened before the limitations period. So we submit that this case is wholly unlike Fuchs. Sotomayor, you're suggesting that here most of the evidence was during the limitations period? Here? Here. That there was ample evidence during the limitations period. All right. There's evidence both before and after, Your Honor. Well, you said most of the evidence. Most of it was after. The limitations period began in May of 98 through 2001. You have a failure, a willful failure to pay taxes from 98 through 2000. You have a continuous behavior of them hiding their accounts, not paying. Him submitting, Mr. Cronin submitting letters to the IRS and to that presented false data, and that included 1040s. That did not include all of his income. So there's, as I say, there's no challenge to the evidence that was after. It's merely speculation that there are possibility that the jury could have relied on evidence before, as well as after, warrants finding plain error and ineffective assistance. And this Court has never held that. Your position is that the judge didn't rule on ineffective assistance, or that he did? If I can refer the Court to the first line of the excerpts at 23 and 24. It reads, There's no measurable likelihood that the verdict was based on time-barred evidence. Even if there was a likelihood, Tracy Cronin waived any objection by waiting until after the verdict to assert the statute of limitations. The statute of limitations is an affirmative defense, which waived if not raised at trial, setting to low. Consequently, this Court cannot conclude that the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred. Well, that doesn't answer the question whether he ruled on ineffective assistance or not. Nothing we read deals with that. That's correct. Frankly, Your Honor, if it's not plain error, it's difficult to see how it rises to the level of ineffective assistance. That's not answering the question either. The question was, did he rule on ineffective assistance? I don't see that he did. Counsel in his briefs raises several other arguments that, in the absence of particular questions from the Court, we would rely on the briefs. Thank you, counsel. You have your – bring your blue brief with you, please. Bring the blue brief? Yeah. Where in it do you raise a specific argument involving ineffective assistance of counsel? I couldn't find it, but maybe I'm missing it. In your reply brief, you start – you talk about IAC way in the back of it, but I don't see a specific issue brought to our attention. I just went through the arguments for the third time, and I don't see anything that talks about ineffective assistance of counsel. Well, we certainly raised – Well, but where is it in your blue brief? I'm looking for it. We went to the merits. There was no objection by the defense, but the issue was raised in the motion of your trial. In the motion of your trial, look at this. That's footnote 33, page 63. Footnote 33 – what? 63? Yeah. This issue was raised at page 63 of the AOB, and it's – I'm sure it's referring back to the ineffective – that footnote is referring back to incorporating the Strickland argument. Where's the Strickland argument made in your brief? It's pretty subtle. Well, it – You don't even cite Strickland in the table of cases. I'm getting to the footnote here. 31. Unanimity. It's 32, which is on page 59, which is – Page what? Page 59, giving as a standard of review the Strickland basis. Now, this is premised, of course, in the fact that the defendants raised this in the motion for new trial as a basis for review. So this is where you raise it, in footnote 32 on page 59, without referencing it earlier? No, I referenced it on this specific argument, saying – But you're not – you're even – you're raising it with respect to the claim of lack of unanimity. You're not even raising it with respect to the failure to Sus sponte instruct on the statute of limitations. We incorporated – You didn't raise it. You know, I mean, this is not the way – practice point number one, this is not the way to raise an issue in a footnote on page whatever it is. I mean, I go through and I write down the issues as you present them to me, and I didn't see that one, and now you tell me, oh, well, you should have looked at the footnote. Well, all I can say is it was raised in the motion for new trial specifically. Well, but you didn't raise it here. It – imperfectly addressed in – by footnote, and certainly made quite clear in the – Yeah, I hope you don't raise issues that way. Yes. But I wanted to say something. Your Honor asked me what the court will on this question. Well, I don't want to hear it anymore because you didn't raise the issue. Okay. I would just say that the judge – I don't want to hear it anymore because you didn't raise the issue. Okay. On the NR – We have enough issues to deal with without you wasting our time on oral argument with something buried in a footnote that's not listed as an issue. Go ahead. I've heard enough. We have the Fuchs issue. I've heard enough. As the plain – not IAC. Plain air, Fuchs is on point. The bulk of the evidence in this case was – preceded the time bar date. With respect to the first issue, counsel raised the NR, the non-resident. Apparent stated he was not saying that he was not a resident of the United States. He said he was a citizen of the state of California, born and raised. Not a federal resident. But not – but his claim on this residency argument, as he understood it, was that the United States government had taxing power over federal jurisdictions on claims of the District of Columbia. Now that – You know, even Cheek says the more unreasonable belief is, the more likely is it's just a BS disagreement with the law. If that's not one of those, I don't know what is. Well – The guy's a lawyer. The jury had the – should have had the opportunity – Your client is a lawyer. The jury was told that, by the way. That the more unreasonable – I know. The less likely it's subjectively out of good faith. But our point is that the requirements of the law issue negated the opportunity to raise that good faith defense. If there are no further questions, I'll submit. Thank you. Thank you, counsel. The case just argued will be submitted. Next case for oral argument is United States v. Evans. Mr. Ostrada has given you some introduction to, and some clues to what you might want to argue.
judges: Reinhardt, Trott, Wardlaw